U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 NOV -7 AM 2: 42

CLERK
BY ___PC___
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:08-cr-93 |
| ) | |
| AARON PENDERGRASS, ) | |
| ) | |
| Defendant. ) | |

## REVISED OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 233 & 250)

This matter came before the court for a review of Magistrate Judge John Conroy's September 14, 2012 Report and Recommendation (the "R & R") regarding Defendant Aaron Pendergrass's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 233.) Defendant filed a timely objection to the R & R on October 4, 2012. In his objection, Defendant contends that the Magistrate Judge erred in concluding that Defendant's ineffective assistance of counsel claim could not be the subject of a 2255 motion because the alleged error that forms the basis of Defendant's motion was raised and decided in Defendant's direct appeal of his conviction. Defendant contends that *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) is an intervening change in the law and that, had *Lafler* been in force at the time of his direct appeal, it would have "provided an avenue of relief for the Defendant versus the Appeal Court ruling[.]" (Doc. 252 at 2.) He further challenges the R & R's conclusion that Defendant's counsel "successfully" negotiated a recommended sentence of 120-144 months. Defendant does not challenge any other aspect of the R & R.

Because the court concludes that *Lafler* does not reach the circumstances of this case, the court cannot find that it represents an intervening change in the law. In addition, because drug quantity at sentencing is not limited to the amount involved in the controlled buys, the Magistrate Judge's conclusions that Defendant's counsel's plea negotiations were "successful" is not clearly erroneous.

I.  **Factual and Procedural Background.**

On February 17, 2010, Defendant was sentenced to a term of imprisonment of 120 months to be followed by a term of five years supervised release in connection with his 2010 conviction for engaging in a conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Doc. 216 at 212.)

On March 2, 2010, Defendant filed a Notice of Appeal to the Second Circuit. In his appeal, he contended: (1) "that the district court abused its discretion in denying his motion to withdraw his guilty plea because he presented a 'fair and just' reason for doing so, within the meaning of Fed. R. Crim. P. 11(d)"; and (2) "that the district court should have permitted him to withdraw his guilty plea because it was the product of ineffective assistance of counsel." *United States v. Pendergrass*, 403 F. App'x. 552, 553-54 (2d Cir. 2010).

The Second Circuit affirmed Defendant's sentence on December 14, 2010, holding that: (1) Defendant's Rule 11 claim failed because he had not met his burden of showing a fair and just reason for withdrawing his plea; and (2) Defendant's ineffective assistance claim failed because "[e]ven assuming, arguendo, that Pendergrass's trial attorneys were constitutionally deficient in telling Pendergrass that the amount of crack involved in the controlled buys was greater than 50 grams, Pendergrass cannot establish that, but for that error, 'he would not have pled guilty and would have proceeded to trial.'" *Id.* at 554 (quoting *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005)).

On April 20, 2012, Defendant filed a motion to vacate, set aside, or correct his sentence. (Doc. 233.) The motion set forth three contentions: (1) Defendant's plea agreement was never accepted by the district court; (2) the district court erred in failing to

grant Defendant's motion to withdraw his plea of guilty; and (3) Defendant received ineffective assistance of counsel in the course of plea negotiations.

On September 14, 2012, the Magistrate Judge issued the R & R, recommending that Defendant's Motion be denied because: (1) Defendant's claim regarding his plea agreement not being accepted was waived, as he could have but did not raise the claim on direct appeal; (2) Defendant's claim regarding his motion to withdraw his guilty plea had been raised and rejected on direct appeal; and (3) Defendant's ineffective assistance of counsel claim had been raised and rejected on direct appeal. The Magistrate Judge acknowledged that a defendant may raise a 2255 claim that has already been litigated on direct appeal if "there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal," (Doc. 250 at 14) (quoting *Chin v. United States*, 622 F.2d 1090, 1092 (2d Cir. 1980)), but noted that "Pendergrass does not assert there has been an intervening change in the law that would exonerate him had it been in force before his conviction was affirmed on direct appeal." *Id.* at 15.

On October 4, 2012, Defendant objected to the R & R, asserting there has been an intervening change in the law governing his ineffective assistance claim after his 2010 direct appeal because he interprets *Lafler* as holding:

> that the plea negotiation stage is critical and a defendant who receives ineffective assistance of counsel during this stage due to deficient advice which results in accepting or turning down a plea offer is entitled to relief. Had the ruling in *Lafler* been in force, it would have exonerated or provided an avenue of relief for the Defendant versus the Appeal Court ruling that the record does not reflect that even if the Defendant received ineffective assistance he could not prove that absent the ineffective assistance of counsel he would have proceed to trial. The test or burden is no longer limited to a defendant proving despite receiving ineffective assistance of counsel that the defendant would have proceeded to trial. The ruling in *Lafler* established that if there has been a Constitutional error by counselor which resulted in a defendant accepting or turning down a plea and this produced an outcome whereas the defendant received a longer sentence than otherwise then the defendant is entitled to relief.

3

(Doc. 252 at 2.)

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

As Magistrate Judge Conroy noted in his R & R, a claim that is raised on direct appeal may not be reconsidered in a subsequent 2255 motion unless "there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal." *Chin*, 622 F.2d at 1092. In rejecting Defendant's appeal, the Second Circuit cited *United States v. Arteca* for the proposition that for his ineffective assistance claim to be successful, Defendant was required to show not only that his counsel was ineffective, but also that without the error, Defendant "would not have pled guilty and would have proceeded to trial." *Pendergrass*, 403 F. App'x. at 554 (citing *Arteca*, 411 F.3d at 320). Because the court held that "there is no reasonable probability that, but for counsels' alleged errors, Pendergrass would have proceeded to trial[,]" it rejected his ineffective assistance claim. *Pendergrass*, 403 F. App'x. at 554.

4

The Second Circuit in *Arteca* held that the two prongs of *Strickland v. Washington*, 466 U.S. 668 (1984) apply to ineffective assistance of counsel claims in the context of plea agreements:

> A successful claim that counsel rendered ineffective assistance requires an affirmative showing that 1) counsel's performance fell below an objective standard of reasonableness according to prevailing professional norms, and 2) it is reasonably likely that prejudice occurred-i.e., that but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Arteca*, 411 F.3d at 320 (citing *Strickland*, 466 U.S. at 687-96). The court held that "[t]o satisfy the second prong of *Strickland* in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *Arteca*, 411 F.3d at 320 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Defendant contends that the Supreme Court's recent opinion in *Lafler* changed the second prong of *Strickland* in the context of plea negotiations. To some extent this is true but only insofar as it applies to the circumstances presented in *Lafler*. There, the Court held that the defendant was prejudiced by his counsel's deficient performance in advising the defendant to reject a plea offer and go to trial. The Court held that the proper remedy for this ineffective assistance of counsel "was to order the State to reoffer the plea agreement, and then, if [the defendant] accepted the offer, the state trial court could exercise its discretion regarding whether to resentence." *Lafler*, 132 S. Ct. at 1376. The Court explained that "[i]n *Hill*, when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Lafler*, 132 S. Ct. at 1384-85 (citing *Hill*, 474 U.S. at 59). The Court distinguished the facts at issue in *Lafler* from those at issue in *Hill* as follows:

> In contrast to *Hill*, here the ineffective advice led not to an offer's acceptance but to its rejection. Having to stand trial, not choosing to waive

5

> it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S. Ct. at 1385. As the Court noted, the question presented was not whether *Hill* was correctly decided, but rather "how to apply *Strickland*'s prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial." *Id.* at 1384.

The facts in this case fall under *Hill*, not *Lafler*, and Defendant would receive no remedy at all if the Government was ordered to reoffer him the plea agreement because it is the plea agreement that gives rise to Defendant's objections. The Second Circuit was thus correct that in order for Defendant to succeed on his ineffective assistance claim, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Defendant's further claim is that his defense counsel should not be deemed "successful" because the sentence he negotiated was based upon a drug quantity that exceeded the quantities alleged by the Government in the controlled buys. This claim reflects a misunderstanding regarding how relevant drug quantities are calculated under the Sentencing Guidelines. Under the Sentencing Guidelines, the relevant drug quantity is not limited to the quantity alleged in the indictment, the quantity set forth in a non-binding plea agreement, or the quantity established by controlled buys. Instead, the Sentencing Guidelines adopt a significantly broader view of "relevant conduct" including "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" whether those acts "occurred during the

6

commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]" U.S.S.G. § 1B1.3(a)(1)(B). As the commentary to this Sentencing Guideline notes,

> "[w]ith respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook."

U.S.S.G. § 1B1.3, Application Note 2.

In Defendant's case, his plea agreement stipulated that the charged conspiracy involved between 500 grams and 1.5 kilograms of cocaine base. The indictment named only the Defendant and two co-conspirators. The conspiracy, however, was alleged to have involved approximately a dozen couriers who transported and sold drugs at Defendant's direction. In addition, based upon the evidence, it appeared that the length of the conspiracy far exceeded the brief time period alleged in the indictment. The controlled buys, alone, involved approximately 48.11 grams of cocaine base and took place over an approximately three week period. A separate seizure from a member of the alleged conspiracy netted another 12.5 grams of cocaine base. A participant in the alleged conspiracy advised that her first drug run occurred in January or February of 2008 and that she was aware that the conspiracy was ongoing at the time of her initial participation. On her first drug run, she brought a softball size bag of crack back from New York City on behalf of Defendant and thereafter brought similar sized packages weighing four or five ounces each. With respect to drug quantity, she estimated that she personally made approximately seven to ten trips with four or five ounces (113.4 grams-141.75 grams) of crack cocaine per trip between January 2008 and September 2008. She estimated sending Defendant over $100,000 in drug proceeds during the time period in which she was involved in the drug conspiracy. There were numerous other witnesses who provided evidence regarding the conspiracy's operations and drug quantities. For

purposes of the Sentencing Guidelines, the relevant drug quantity thus far exceeded the amount received by the Government in approximately three weeks of controlled buys.

The presentence report concluded that the parties' plea agreement reflected a potentially conservative, but reasonable and fair estimation of Defendant's drug distribution activities. Based upon the stipulated drug quantity contained in the plea agreement, Defendant was facing a guideline imprisonment range of 210 to 262 months. Had the calculation of drug quantity not been limited to the plea agreement's stipulated amount, the guideline imprisonment range presumably would have been substantially higher. Against this backdrop, a sentence of 120 months reflects a "successful" plea negotiation and the Magistrate Judge's finding to this effect is not clearly erroneous.

## CONCLUSION

The court agrees with the Magistrate Judge's conclusions and hereby ADOPTS the Magistrate Judge's R & R (Doc. 250) as the court's Opinion and Order. The court therefore DENIES Defendant's Motion to Vacate, Set Aside or Correct Sentence. (Doc. 233.)

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 7th day of November, 2012.

Christina Reiss, Chief Judge
United States District Court